# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-168-RAW |
| | ) | (CR-07-013-RAW) |
| CATHY RYNEA JOHNSON-HEATH, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |

## <u>ORDER</u>

Before the Court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Petitioner pled guilty to Count 1 of the indictment (conspiracy) on March 15, 2007. Counts 2, 3, 4 and 5 were subsequently dismissed. Petitioner was sentenced on July 27, 2007 to 48 months imprisonment. No direct appeal was filed. The present motion was filed May 5, 2008.

The motion asserts four separate grounds. Grounds One, Two and Four clearly assert ineffective assistance of counsel. Ground Two is less clear, mentioning both purported district court error and mute acquiescence therein (and thus ineffective assistance) by counsel.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984). To show prejudice in the guilty plea context, petitioner must establish that there is a

reasonable probability that but for counsel's errors, she would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

First, petitioner contends her counsel was ineffective for failing to file "a variety of PreTrial Motions which, in the ordinary course of representation, are filed in the earlier stages of the case." (Reply at 2)[1]. The court disagrees that relief is appropriate on this ground. The United States Attorney's Office in this district maintains an "open file" policy and this court's Local Criminal Rules expressly discourage discovery motions. *See* LCrR 16.1(A)(1). "We are understandably reluctant to require defense counsel routinely to file boilerplate motions merely to vindicate their professional competence without regard for the grounds supporting such motions." *United States v. Ditommaso,* 817 F.2d 201, 215 (2nd Cir.1987). *See also United States v. Peterson,* 882 F.Supp. 104, 106 (S.D.Tex.1995).

Second, petitioner contends that the Magistrate Judge who accepted her plea did not describe the essential elements of the crime. The court has reviewed the transcript of the change of plea hearing[2]. While the discussion of the charge is certainly not bogged down by superfluous detail, it does not smack of legal deficiency. After all, the Tenth Circuit has stated that "a violation of Rule 11 that may warrant reversal on direct appeal may not necessarily have the same result in a §2255 proceeding. '[C]ollateral relief is not available

---

[1] In the petition itself, petitioner also lists failure to interview witnesses, failure to research the facts of the case, and failure to research the applicable law of the case. Petitioner has presented no argument on these bare assertions nor demonstrated that she would not have pled guilty.

[2] The court notes in passing that petitioner stated she was satisfied with the services of her attorney and that she believed her attorney had "done all that anyone could do as counsel" to assist her. (Tr.at 19.6-12).

when all that is shown is a failure to comply with the formal requirements of the Rule.' To be cognizable, the error must result in a 'complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.'" *United States v. Gottschalk,* 166 F.3d 349 (10th Cir.1998)(unpublished)(citations omitted). The Rule contains no requirement that the judge expressly set forth the elements of the charge; it simply requires that the court address the defendant personally in the course of determining that the plea is made voluntarily and with understanding of the nature of the charge. *See United States v. Friesen,* 198 F.3d 259 (10th Cir.1999)(unpublished). *See also id.* at n. 5 (petitioner must show that a personal recitation by the district court of every element would have changed her decision to plead guilty, citing Rule 11(h) F.R.Cr.P.).

In the case at bar, petition pled guilty by evidently reading a pre-written statement (containing the locution "I, Cathy Heath") which stated that she had conspired with Brian Simms and stating that "[t]he items identified in the indictment were utilized to accomplish the fraud." (Tr. at 21.17 & 22-23). The court is persuaded that the commonsense definition of conspiracy coupled with the petitioner's incorporation by reference of the indictment itself is satisfactory in this instance. Relief will not be granted on Ground 2 either[3].

Ground Three is that counsel was ineffective at sentencing. The argument is somewhat unclear, but appears to be that sentencing counsel should have contended that three independent enhancements would be properly grouped under §3D1.2 of the Sentencing

---

[3]A fortiori, to the extent Ground Two asserts ineffective assistance of counsel, relief is also denied.

Guidelines. Petitioner cites no authority, but it appears grouping is only appropriate as to counts, not sentencing enhancements. *Cf. United States v. Davidson,* 283 F.3d 681, 685-86 (5th Cir.2002). Failure to make a meritless argument does not amount to ineffective assistance. *United States v. Regalado,* 518 F.3d 143, 150 n.3 (2d Cir.2008).

Finally, petitioner contends that her counsel was ineffective for failing to file a notice of appeal in her behalf. Under *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable. *See United States v. Garrett,* 402 F.3d 1262, 1265 (10th Cir.2005). In the petition itself, petitioner merely alleges that "counsel failed to consult the Defendant and file a Notice of Appeal". The government responds with an affidavit by Bret Smith, the counsel who represented petitioner, which states in part that "at the time of sentencing and thereafter, I had contact with Ms. Johnson-Heath regarding, among other things, the time requirements involved in filing a Notice of Intent to Appeal to the 10th Circuit and at no time did Ms. Johnson-Heath advise me she wished to appeal the Judgment in this case." (¶5).

Petitioner's reply contains the following sentence: "After Sentencing, Petitioner formally requested that her attorney file an Appeal; however, he did not do so." (Reply at 9). The preliminary issue to be resolved by the court is whether an evidentiary hearing is warranted. Such a hearing is not required when "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. §2255(b).

This court's inclination, in the absence of a sworn statement by the petitioner, would be to find counsel's opposing affidavit conclusive. Such does not appear to comport with Tenth Circuit authority however. In *United States v. Palermo,* 2006 WL 895493 (10th Cir.), the appellate court held that petitioner had alleged he explicitly instructed his attorney to file an appeal, and thus an evidentiary hearing should have been held. The present petitioner is represented by counsel. While the court does not have before it a verified petition or affidavit from the petitioner, it does have the statement quoted above in the reply brief. Under Rule 11(b)(3) F.R.Cv.P., petitioner's present counsel has thus certified that "the factual contentions have evidentiary support".

An evidentiary hearing appears to be required as to whether petitioner unequivocally instructed her attorney to file a notice of appeal[4]. Rule 8(b) of the Rules Governing Section 2255 Proceedings permits reference of the hearing to a Magistrate Judge for proposed findings of fact and recommendations for disposition. The court elects to make such reference.

---

[4]If her attorney was so instructed, petitioner will be allowed a direct appeal. *See United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir.2007). If her attorney was not so instructed, the hearing will have to determine if petitioner meets her burden of showing that: (1) her attorney had a duty to consult under *Flores-Ortega*; (2) her attorney failed to fulfill his constitutional obligations; and (3) she was prejudiced by her attorney's failure to fulfill those obligations. *Id. See also United States v. Benoit,* 2008 WL 1766839 (10th Cir.).

It is the Order of the Court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED as to Grounds One, Two and Three. As to Ground Four only, the petition is referred to the United States Magistrate Judge for evidentiary hearing. The motion of the petitioner to expedite ruling (#14) is hereby DENIED.

**ORDERED THIS 5th DAY OF NOVEMBER, 2008.**

**Dated this 5th Day of November 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma